UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mark E. Nolen,

                          Plaintiff,        Civ. No. 11-84 (SRN/FLN)

v.                                  **ORDER**

City of Saint Paul, Minnesota,

                          Defendant.

---

This matter is before the Court *sua sponte*.

In this action, Plaintiff Mark Nolen asserts that Defendant City of Saint Paul's ("the City") reporting inaccurate information to the National Crime Information Center (NCIC) and failure to perform ministerial duties led to his traffic stop and arrest at gunpoint in Middleton, WI. Nolen filed the instant action on January 11, 2011, claiming diversity jurisdiction and asserting claims against the City for violating the Minnesota Government Data Practices Act (MGDPA) and negligence.

The City moved for Summary Judgment on August 31, 2011, and Nolen cross-moved for Partial Summary Judgment on the issue of liability on December 8, 2011. Those motions were argued before the Court on January 19, 2012. At this hearing, the Court raised the issue that diversity jurisdiction might be lacking in this case. Specifically, the Court questioned whether Nolen has provided sufficient proof that a fact finder might legally find damages in excess of $75,000.

Before undertaking review of the pending Motions, the Court must satisfy itself that diversity jurisdiction exists, even though neither party has challenged its existence. See, e.g., Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) ("It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case.  This obligation includes the concomitant responsibility to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.") (internal quotation marks and citation omitted).  Even though the Complaint asserts that Nolen is entitled to recover greater than $75,000, the facts on the record before this Court do not seem sufficient "that a fact finder might legally conclude" damages are greater than the jurisdictional minimum. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).  Accordingly, the Court cannot conclude that the amount-in-controversy requirement has been satisfied in this case.

As the party invoking the Court's jurisdiction, Nolen bears the burden of establishing its existence.  E.g, Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011).  The amount-in-controversy requirement is met when "a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."  Kopp, 280 F.3d at 885. For the reasons set forth above, it is unclear whether Nolen has discharged his burden and, hence, whether this action must be dismissed.  Accordingly, the Court determines that the parties should brief the issue of jurisdiction, specifically whether the amount-in-controversy requirement has been satisfied, before it addresses the merits of the Motions for Summary Judgment.  See, e.g., Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d

1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED:**

1. On or before February 3, Nolen shall serve and file a memorandum, not exceeding 10 pages, addressing the existence of diversity jurisdiction in this matter;

2. On or before February 10, the City of Saint Paul shall serve and file a memorandum, not exceeding 10 pages, responding to Nolen's memorandum; and

3. No further submissions – whether by memorandum, affidavit, letter, or otherwise – shall be filed absent further Order of the Court.


Date:  January 20, 2012                    s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge